

FEB 2 ⬚ 2021

Clerk, U.S District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL LEE WAKEFORD,<br><br>Defendant. | CR 11-101-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Michael Lee Wakeford (Wakeford) has been accused of violating the conditions of his supervised release.  Wakeford admitted alleged violation 1. The Court dismissed alleged violation 2 on the government's motion.  Wakeford's supervised release should be revoked.  Wakeford should be placed in custody for 18 months, with 18 months of supervised release to follow.  Wakeford should receive credit for time served since the date of his arrest.  Wakeford should serve his term of custody at the Federal Correctional Facility in Sheridan, Oregon. Wakeford should serve the first 180 days of supervised release in a residential re-entry center.

## II.  Status

Wakeford pleaded guilty to Aiding and Abetting Possession of

Methamphetamine with Intent to Distribute; and Aiding and Abetting Interstate

Transportation of Stolen Motor Vehicles on January 20, 2012.  (Doc. 41).  The

Court sentenced Wakeford to 120 months of custody, followed by 3 years of

supervised release.  (Doc. 59).  Wakeford's current term of supervised release

began on June 5, 2020.  (Doc. 87 at 1).

### Petition

The United States Probation Office filed a Petition on January 27, 2021,

requesting that the Court revoke Wakeford's supervised release.  (Doc. 87).  The

Petition alleged that Wakeford had violated the conditions of his supervised

release by committing two separate crimes.

### Initial appearance

Wakeford appeared before the undersigned for his initial appearance on

February 2, 2021.  Wakeford was represented by counsel.  Wakeford stated that he

had read the petition and that he understood the allegations.  Wakeford waived his

right to a preliminary hearing.  The parties consented to proceed with the

revocation hearing before the undersigned.

2

**Revocation hearing**

The Court conducted a revocation hearing on February 23, 2021. Wakeford admitted alleged violation 1. The Court dismissed alleged violation 2 on the government's motion. The violation that Wakeford admitted is serious and warrants revocation of Wakeford's supervised release.

Wakeford's violation is a Grade C violation. Wakeford's criminal history category is VI. Wakeford's underlying offenses are Class C felonies. Wakeford could be incarcerated for up to 24 months. Wakeford could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 33 to 41 months.

## III.  Analysis

Wakeford's supervised release should be revoked. Wakeford should be incarcerated for 18 months, with 18 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Wakeford should receive credit for time served since the date of his arrest. Wakeford should serve his term of custody at the Federal Correctional Facility in Sheridan, Oregon. Wakeford should serve the first 180 days of supervised release in a residential re-entry center.

## IV.  Conclusion

The Court informed Wakeford that the above sentence would be

recommended to United States District Judge Brian Morris.  The Court also

informed Wakeford of his right to object to these Findings and Recommendations

within 14 days of their issuance.  The Court explained to Wakeford that Judge

Morris would consider a timely objection before making a final determination on

whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Michael Lee Wakeford violated the conditions of his supervised
> release by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke Wakeford's supervised release
> and commit Wakeford to the custody of the United States Bureau of
> Prisons for 18 months, with 18 months of supervised release to
> follow.  Wakeford should receive credit for time served since the date
> of his arrest.  Wakeford should serve his term of custody at the
> Federal Correctional Facility in Sheridan, Oregon.  Wakeford should
> serve the first 180 days of supervised release in a residential re-entry
> center.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

4

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of February, 2021.

John Johnston
United States Magistrate Judge